UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. KRAETSCH and MARY P. KRAETSCH, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED SERVICE AUTOMOBILE ASSOCIATION, <br><br> Defendant. | Case No. 4:14-CV-264-CEJ |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to strike plaintiffs' class claims. The plaintiffs have responded and the issues are fully briefed.

**I. Background**

Plaintiffs Robert Kraetsch and Mary Kraetsch purchased a homeowners insurance policy issued by defendant United Service Automobile Association (USAA). In the second amended complaint, plaintiffs allege that their home sustained extensive damage when rainwater penetrated the defective artificial stucco that was installed on the house. Plaintiffs filed a claim with USAA which denied coverage.

In the second amended complaint plaintiffs assert three causes of action: Count I is a breach of contract claim premised on USAA's failure to perform under the policy. In Count II, plaintiffs seek a declaration that the policy covers the water damage. Count III is for vexatious refusal to pay the insurance claim. The complaint also contains allegations of fraudulently concealment and a claim of equitable tolling of the statute of limitations.

The plaintiffs also seek certification of a class, pursuant to Fed. R. Civ. P. 23. The putative class would consist of (1) USAA policyholders; (2) in Missouri; (3) who installed artificial stucco on their homes; (4) and whose stucco was negligently designed, installed, or maintained, which caused the policyholders to suffer water damage intrusion to their insured premises; (5) whose policies with USAA contain coverage provisions that are the same as or substantially similar to those in plaintiffs' policy; (6) regardless of whether those policyholders ever filed claims with USAA. Plaintiffs seek to proceed on behalf of the class under each theory of recovery presented in the complaint. The gravamen of plaintiffs' class claim is that USAA failed to compensate the putative class members for covered "ensuing losses" (*i.e.*, the water damage), which the policies define to include "faulty, negligent, inadequate or defective design, specifications and workmanship in construction." *2d Am. Compl.* at 2.

In its motion to strike, USAA argues that the proposed class should not be certified because, as defined, the class does not satisfy Fed. R. Civ. P. 23(b)(3)'s predominance requirement.

## II. Discussion

### A. Judicial estoppel

In its removal notice USAA states that based on plaintiffs' class allegations (*i.e.,* more than 100 members and an amount in controversy exceeding $5 million), the requirements of 28 U.S.C. § 1332(d) have been met. Plaintiffs interpret this statement as USAA's concession that an actual class is ascertainable, which is contrary to the position it takes in the motion to strike the class claims. Plaintiffs

argue that judicial estoppel prevents USAA from taking contradictory positions in this litigation such that it is precluded from moving to strike the class claims.

Judicial estoppel "protects the integrity of the judicial process." *Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 738 n.6 (8th Cir. 1987). It "prevents a person who states facts under oath during the course of a trial from denying those facts in a second suit, even though the parties in the second suit may not be the same as those in the first." *Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.*, 4 F.3d 605, 609 (8th Cir. 1993). Accordingly, "a party that takes a certain position in a legal proceeding, 'and succeeds in maintaining that position,' is prohibited from thereafter assuming a contrary position 'simply because his interests have changed,' especially if doing so prejudices the party 'who acquiesced in the position formerly taken by him.'" *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).

"The circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." *New Hampshire*, 532 U.S. at 750. "Three factors, while not 'an exhaustive formula for determining the applicability of judicial estoppel,' aid a court in determining whether to apply the doctrine." *Stallings*, 447 F.3d at 1047 (quoting *New Hampshire*, 532 U.S. at 751). Those three factors are: (1) the party's "later position must be clearly inconsistent with its earlier position;" (2) the party must have "succeeded in persuading a court to accept [its] earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) the party must be in such a position that it would "derive an unfair advantage or impose an

3

unfair detriment on the opposing party if not estopped." *Id.* (quoting *New Hampshire*, 532 U.S. at 750–51).

USAA's argument that an actual class is not ascertainable is not "clearly inconsistent" with its earlier assertion that the putative class defined by plaintiffs meets CAFA's numerosity and amount in controversy requirements. USAA has not conceded that a class exists, hence its use of the word "putative." In seeking removal, USAA merely asserted that this Court has jurisdiction under CAFA to determine *whether or not* a class exists. There is no inconsistency between that assertion and USAA's current position that the Court, in exercising its jurisdiction over the issue, should find that the putative class does not meet the requirements of Rule 23.

Further, the Court has not been misled. The Supreme Court's concern about the "perception that either the first or the second court was misled" is instructive. *New Hampshire*, 532 U.S. at 750. This case is before one court. USAA has not advanced contradictory positions in two different cases. Plaintiffs cite no authority for the proposition that judicial estoppel applies *within* a case, at different stages in litigation before a single court. Moreover, that argument is wholly undercut by the Supreme Court's proclamation that "[a]bsent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity." *Id.* at 751. Here, there is no "prior proceeding" because the case remains before this Court.

Finally, USAA gains no "unfair advantage" by removing the case to this Court. Under CAFA, plaintiffs could have filed their suit in federal district court if they had originally asserted class claims. USAA properly removed once plaintiffs

4

amended the complaint to add those claims. There is nothing unfair about USAA seeking to have this case heard by the proper court and also seeking the proper resolution of plaintiffs class claims, which, in its view, is dismissal. Thus, judicial estoppel does not bar any of USAA's arguments.

### B. Collateral estoppel

Over a decade ago, a Tennessee appellate court affirmed a trial court's determination that, under that state's law and procedures, USAA breached its homeowners insurance policies with a class of Tennessee plaintiffs when it denied coverage after defective stucco led to water damage to those plaintiffs' homes. *See Phillips v. United Servs. Auto. Ass'n*, 146 S.W.3d 629 (Tenn. Ct. App. 2004). Today, plaintiffs assert that in this federal district court, which applies Missouri law and Fed. R. Civ. P. 23, collateral estoppel stemming from *Phillips* prevents USAA from opposing certification of a class of Missouri plaintiffs who had different USAA policies (though with possibly similar language) and who may have been denied coverage after defective stucco led to water damage to their homes. Plaintiffs admit that *Phillips* is not binding precedent in this Court, but plaintiffs nonetheless ask the Court to find that its collateral estoppel effects limit USAA's opposition to certification today.

"The Full Faith and Credit Statute, 28 U.S.C. § 1738[], requires that federal courts give state court judgments the same preclusive effect that such a judgment would be given in the courts of the state rendering the judgment." *Lommen v. City of E. Grand Forks*, 97 F.3d 272, 274 (8th Cir. 1996) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *Tolefree v. City of Kansas City*, 980 F.2d 1171, 1173–74 (8th Cir. 1992)). "Section 1738 does not permit federal courts to apply their own rules

5

to determine the effect of state court judgments, but instead mandates that a federal court implement the preclusion rules of the state from which the judgment originated." *Id.* The Court therefore looks to Tennessee law to determine whether the certification of a class of Tennessee plaintiffs who disputed coverage under insurance contracts governed by Tennessee law precludes USAA from arguing that a class of Missouri plaintiffs should not be certified in a dispute about insurance contracts governed by Missouri law.

> [In Tennessee, t]o prevail with a collateral estoppel claim, the party asserting it must demonstrate (1) that the issue to be precluded is *identical* to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Mullins v. State*, 294 S.W.3d 529, 535 (Tenn. 2009) (emphasis added).

First, the issue on which plaintiffs hope to assert preclusion is not identical to the issue decided in *Phillips*. The question before the court in *Phillips* was whether to certify a class of Tennessee insureds who had policies with USAA that allegedly did not cover water damage caused by defective stucco, with claims based on Tennessee law and applying Tennessee's class action procedures. 146 S.W.3d 629. The fact that the claims in *Phillips* arose under Tennessee law reveals why the Court does not need to reach the question of how far Tennessee's class action procedures depart from Fed. R. Civ. P. 23. The putative class in the instant case is a group of Missouri insureds with policies governed by Missouri law. Therefore, under Tennessee's collateral estoppel doctrine, USAA is not precluded from asserting that

the class should not be certified here, where all of the questions of liability arise under Missouri, not Tennessee, law.

Second, Tennessee's version of the doctrine applies only where the "issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding . . . ." *Mullins*, 294 S.W.3d at 535. Whether an ascertainable class exists of Missouri insureds who have common claims for breach of contract under Missouri law was never raised in *Phillips*, nor was it litigated and decided. Moreover, *Phillips* never actually raised, litigated, and decided specifically whether common issues predominate among a putative group of Missourians who have alleged breach of contract claims. Thus, *Phillips*'s collateral estoppel effects do not preclude USAA from arguing against class certification in this case.

### *C. Class allegations*

Plaintiffs seek certification of a class of USAA policyholders, as described above, under Fed. R. Civ. P. 23(b)(3). Rule 23 "does not set forth a mere pleading standard," *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013), and plaintiffs bear the burden of demonstrating that certification is appropriate. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550-51 (2011). "[C]lass claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion." *McCrary v. Stifel, Nicolaus & Co.*, 687 F.3d 1052, 1059 (8th Cir. 2012); *see also In re Zurn Pex Plumbing Products Liab. Litig.*, 644 F.3d 604, 611 (8th Cir. 2011) (same). "Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *Lindsay Transmission, LLC v. Office Depot, Inc.*, 4:12-CV-221-CEJ, 2013 WL 275568, at *4 (E.D. Mo. Jan. 24, 2013) (citation omitted).

To determine whether class allegations should be stricken "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and . . . certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Comcast*, 133 S. Ct. at 1432 (internal quotations and citations omitted). "Such an analysis will frequently entail 'overlap with the merits of the plaintiff's underlying claim.'" *Id.* (quoting *Wal-Mart*, 131 S. Ct. at 2551). "The same analytical principles govern Rule 23(b). If anything, Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)." *Id.* (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997)). A district court has a "duty to take a 'close look' at whether common questions predominate over individual ones." *Id.* (internal quotation and citation omitted).

"Federal Rule of Civil Procedure 23(a) sets out four threshold requirements that must be met before a plaintiff may file a lawsuit on behalf of a class of persons." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010). "Once those prerequisites have been met, the plaintiff must also establish that the class fits within one of three types of class actions listed in Rule 23(b)." *Id.* Under Rule 23(a), a named plaintiff must prove that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the proposed class; (3) the class representative's claims are typical of the claims of the class; and (4) the named plaintiff will fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(1)–(4); *Amchem*, 521 U.S. at 613. In this case, plaintiffs seek certification under Rule 23(b)(3). To succeed, they must show that "questions of law or fact common to the members of

the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *see Amchem*, 521 U.S. at 615. Because the dispositive inquiry here is whether plaintiffs' class allegations can plausibly meet Rule 23(b)(3)'s predominance requirement, the Court need not address the Rule 23(a) factors or Rule 23(b)(3)'s superiority requirement.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623. "At the core of Rule 23(b)(3)'s predominance requirement is the issue of whether the defendant's liability to all plaintiffs may be established with common evidence." *Avritt*, 615 F.3d at 1029 (citation omitted). "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question." *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005). "If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Id.* "In making its determination, the district court must undertake a 'rigorous analysis' that includes examination of what the parties would be required to prove at trial." *Avritt*, 615 F.3d at 1029 (citation omitted).

Moreover, in a proposed Rule 23(b)(3) class, "the need for detailed and individual factual inquiries concerning the appropriate remedy for any violation [] weighs strongly against class certification." *In re St. Jude Med., Inc.*, 522 F.3d 836, 840–41 (8th Cir. 2008) (citation omitted). The predominance requirement cannot be satisfied where, "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class." *Comcast*, 133 S. Ct. at 1433. The

9

Eighth Circuit has explained that, "[a]nswering the question of whether [an insurer's] claim processing methodology breached its contract under [state] law necessitates individual fact inquiries for each member of the class." *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 780 (8th Cir. 2013).

*Halvorson*'s admonition is instructive in the instant case. Common issues do not and cannot predominate for two reasons. First, determining whether each member of the putative class has a valid claim against USAA would require an individual inquiry into each of the putative class members' claims. That inquiry would require determination of, among other things, these questions: (a) whether the putative class members paid their premiums to USAA on time, if at all; (b) the kinds of water damage they suffered and whether that damage was actually caused by defective stucco; (c) whether the precise kinds of water damage caused by defective stucco are or are not excluded under the members' policies (depending on how the water damage occurred, and over what periods of time); and (d) whether USAA's denial of coverage in each instance constitutes vexatious refusal to pay under Missouri law.

Second, even assuming that one could generate common answers to those questions without undertaking an exhaustive and individualized inquiry as to each policyholder, another question would generate unique, individualized answers: As to each policyholder, do any other provisions of their respective policies—or the policyholders' actions—provide USAA sufficient reason not to cover their defective-stucco induced losses? While that individualized inquiry is one that the Court could undertake as to Kraetsch plaintiffs, the necessity to do so on a class-wide basis for thousands of policyholders makes this action wholly unsuited for class resolution.

The common question of how a provision in an insurance policy is to be interpreted does not predominate over all of those necessarily individual inquires. Accordingly, the Court will strike the class claims.

### III. Jurisdiction

Plaintiffs, who are Missouri citizens, initiated this action against USAA in the Circuit Court of St. Louis County, Missouri. Because USAA is an unincorporated association, it is ordinarily considered a citizen of Missouri and every state in which it has members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004) (citation omitted). Thus, before plaintiffs added the class claims, USAA could not have removed the action because complete diversity was absent. *See* 28 U.S.C. § 1332(a). After the class allegations were added, however, USAA removed the action, pursuant to the Class Action Fairness Act of 2005 (CAFA), which requires only minimal diversity and also treats unincorporated associations like corporations for purposes of determining citizenship. *Id.* §§ 1332(d), 1446, 1453. Under CAFA, USAA is considered a citizen of Texas, so minimal diversity existed at the time of removal.

Now, however, because the class claims will be stricken, CAFA no longer applies. USAA is therefore considered a citizen of Missouri, complete diversity is lacking, and the Court lacks subject matter jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1446. As a result, this action will be remanded to the state court.

\*\*\*\*\*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file a sur-reply [Doc. #51] is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion to strike the class claims [Doc. #38] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-First Judicial Circuit Court of Missouri (County of St. Louis), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2015.